Thomas D. Smith, Esquire (ISB No. 8206)
**SPINNER, WOOD & SMITH**
1335 East Center - P.O. Box 6009
Pocatello, Idaho   83205-6009
Telephone:   (208) 232-4471
Email: tom@pocatello-law.com

Attorneys for R. Sam Hopkins, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. 20-40592-JMM |
| | ) | |
| MICHAEL TREVOR HANNI, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OBJECTION TO CLAIMED EXEMPTIONS**

OPPORTUNITY TO OBJECT AND FOR A HEARING

No Objection. The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within fourteen (14) days of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

Objection. Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

Hearing on Objection. The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

COMES NOW R. Sam Hopkins ("Hopkins"), Trustee, through his attorneys, pursuant to Rule 4003(b)(1), Federal Rules of Bankruptcy Procedure, and Rule 4003.1(c), Local Rules of Bankruptcy Procedure, and objects to the Debtor's claimed exemptions for life insurance proceeds and a wrongful death settlement. This objection is based on the following grounds:

**OBJECTION TO CLAIMED EXEMPTIONS - 1**

1.       On February 26, 2021, the Debtor amended his Schedule C to claim an exemption in $73,000 from insurance proceeds under Idaho Code §§ 11-604(1)(a) and 41-1834, and $50,000 from a Progressive settlement under Idaho Code § 11-604(1)(c). (Document No. 38, p. 5.) All of the claimed exemptions arise from the tragic death of the Debtor's teenage daughter on January 6, 2021, after a vehicle accident.

2.       The insurance proceeds are from life insurance policies the Debtor had on his daughter. The claimed exemptions under Idaho Code §§ 11-604(1)(a) and 41-1834 do not apply to the life insurance proceeds because these exemptions protect benefits resulting from disability and injury and not death. Perhaps the life insurance proceeds are exempt under another statute such as Idaho Code § 41-1833(1) which applies specifically to life insurance contracts.

3.       The Progressive settlement proceeds are from a proposed settlement by the driver's insurance provider to resolve wrongful death and estate damages resulting from the accident. The claimed exemption under Idaho Code § 11-604(1)(c) does not apply to the proposed settlement because, upon information and belief, the Debtor was not a dependent of his daughter.

WHEREFORE, Hopkins respectfully requests that the Court disallow the Debtor's claimed exemptions in the life insurance proceeds and wrongful death settlement.

DATED March 12, 2021.

SPINNER, WOOD & SMITH

By /s/_____
     Thomas D. Smith

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY on March 12, 2021, I served a true and correct copy of the foregoing document as follows:

| | |
|---|---|
| U.S. Trustee<br>ustp.region18.bs.ecf@usdoj.gov | [ ] U.S. Mail, postage prepaid<br>[ ] Hand Delivery<br>[x] ECF Notice<br>[ ] Facsimile |
| Aaron J. Tolson<br>ajt@aaronjtolsonlaw.com | [ ] U.S. Mail, postage prepaid<br>[ ] Hand Delivery<br>[x] ECF Notice<br>[ ] Facsimile |
| Michael Trevor Hanni<br>220 North Fanning, Apt. 7<br>Idaho Falls, ID 83401 | [x] U.S. Mail, postage prepaid<br>[ ] Hand Delivery<br>[ ] ECF Notice<br>[ ] Facsimile |

By: /s/ _____
    Thomas D. Smith

**OBJECTION TO CLAIMED EXEMPTIONS - 3**